*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

**Abdul Wakil AMIRI, Appellant**

v.

**GELMAN MANAGEMENT COMPANY and Nicholas Pitsch, Property Manager, Gelman Management Co., Appellees.**

**No. 10–7107.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 2, 2011.

Abdul Wakil Amiri, Washington, DC, pro se.

Karen Shafrir, Offit Kurman, PA, Bethesda, MD, for Appellees.

BEFORE: HENDERSON, ROGERS, and GRIFFITH, Circuit Judges.

PER CURIAM.

### *JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed August 19, 2010, 734 F.Supp.2d 1, be affirmed. Appellant challenges the dismissal of his amended complaint against his former landlord and its employee, alleging discrimination based on his race and national origin in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq.

On de novo review, we affirm the dismissal of the amended complaint on the ground that it fails to state a claim upon which relief may be granted. Appellant's amended complaint did not allege sufficient facts to support an inference that he was a victim of unlawful discrimination based on his race or national origin or other unlawful conduct. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). And given the dismissal of appellant's federal claim, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over his remaining claims. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.